IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**02-20285**

JACQUELINE SOSA, individually
and on behalf of all others similarly situated,

**CIV-SEITZ**

Plaintiff,



MAGISTRATE JUDGE
GARBER

v.

CHASE MANHATTAN MORTGAGE
CORPORATION, a foreign corporation,

Defendant.
_____/

## COMPLAINT - CLASS ACTION

Plaintiff Jacqueline Sosa, individually and on behalf of all others similarly situated, makes the following allegations against Defendant Chase Manhattan Mortgage Company ("Defendant") and states as follows:

### INTRODUCTION

1. This class action arises from Defendant's unlawful scheme to earn secret profits by deceiving parties to real estate transactions. Defendant assesses and collects money from parties to real estate transactions for purported messenger fees. Rather than paying all of such fees to third-party messengers -- as one would reasonably expect based on the title under which the money was assessed and collected – Defendant keeps a significant portion of the money collected as a secondary-income stream or secret-profit source.

2. Defendant's unfair and deceptive practice violates Section 8(b) of the Real

- 1 -

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL 33442
Phone: (954) 570-8989; Fax: (954) 428-3929



Estate Settlement Procedures Act.

3. Plaintiffs seek for themselves and all others who fell victim to Defendant's scheme, damages consisting of, *inter alia*, the difference between the total amount of messenger fees paid by class members less the total amount of money actually paid by Defendant to third-parties for messenger fees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this dispute pursuant to 28 USC §§1331 and 1367, and 12 USC §2614.

5. Venue is proper in this District because the conduct from which this cause of action arises occurred here.

## PARTIES

6. Plaintiff Jacqueline Sosa is a resident of Miami-Dade County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

7. Defendant Chase Manhattan Mortgage Company is a foreign corporation with its principal place of business in Edison, New Jersey.

## GENERAL ALLEGATIONS

8. On November 7, 2001, Plaintiff purchased real property located at 15430 Southwest 77th Avenue, Miami, Florida 33157 (the "Transaction").

9. The settlement statement for the Transaction includes charges to Plaintiffs for messenger fees that total $162.50, including a fifty-dollar ($50.00) fee charged by Defendant. *See* Settlement Statement attached hereto as Exhibit A at Line 818. Plaintiffs paid the "Messenger

- 2 -

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL 33442
Phone: (954) 570-8989; Fax: (954) 428-3929

Fee" to Defendant.

10. Defendant is a party to contracts with multiple local and national messenger (i.e., courier) services, such as Federal Express, Airborne Express, United Parcel Service and others, pursuant to which Defendant pays significantly discounted rates for such services.

11. Defendant paid only a portion of the "Messenger Fee" charged to Plaintiff to a third-party for Messenger services.

12. Defendant retained a portion of the "Messenger Fee" charged to Plaintiff.

13. Defendant never disclosed to Plaintiff that Defendant retained any portion of the "Messenger Fee".

14. Defendant intentionally created the impression that the "Messenger Fee" was for charges assessed, collected for and paid to third parties that provide Messenger services. Defendant created such impression to earn secret profits by deceiving Plaintiff and the Class into believing that the "Messenger Fee" is paid to third parties.

15. Defendant's unfair and deceptive collection of Messenger fees deprived Plaintiff and the Class of the ability to negotiate fees that they reasonably believed were paid to third parties.

16. Defendant's practice of overcharging parties to real estate transactions for services provided by third parties violates Section 8(b) of the Real Estate Settlement Procedures Act ("RESPA"), 12 USC 2607(b). Section (8b) of RESPA prohibits the giving or accepting of any portion, split, or percentage of any charge other than for goods or facilities provided or services performed; it is intended to eliminate unearned fees." *RESPA Statement of Policy 2001-*

- 3 -

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL  33442
Phone: (954) 570-8989; Fax: (954) 428-3929

*1: Clarification of Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, and Guidance Concerning Unearned Fees Under Section (8b)*, 24 CFR Part 3500, Docket No. FR-4714-N-01. RESPA's prohibition includes cases where "one settlement service provider marks-up the cost of the services performed or goods provided by another settlement service provider without providing actual, necessary, and distinct services, goods, or facilities to justify the additional charge." *Id.*

17. Defendant's conduct in charging parties to real estate transactions fees for messenger and courier services in excess of what Defendant paid to third parties for such services is part of an ongoing and secret scheme that Defendant failed to disclose to Plaintiff or any Class Member.

18. Defendant's practice, and that of other settlement service providers, became known to the public only as a result of HUD's RESPA Statement of Policy 2001-1, which was issued in 2001.

## CLASS ACTION ALLEGATIONS
## THE CLASS

19. Plaintiff brings this action in her own behalf and in a representative capacity on behalf of all persons nationwide that paid messenger and courier fees to Defendant in excess of the amount that Defendant paid to third parties for such messenger and courier services during the time period commencing on the date Defendant began such practice through the present (the "Class Period"). Plaintiff seeks certification of a class pursuant to Rule 23(b)(2) and (3), Fed.R.Civ.P.

- 4 -

## NUMEROSITY

20. The members of the Class are so numerous that joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff believes in good faith that the Class includes hundreds of thousands, if not millions, of persons nationwide.

## TYPICALITY

21. Plaintiff's claims are typical of absent Class members' claims. Plaintiff and the Class have sustained identical damage, and their claims arise from the same factual background and legal theories as set forth in paragraphs 1- 18 above and 22-41 below.

## ADEQUACY OF REPRESENTATION

22. Plaintiff will fairly and adequately protect the Class' interests and have retained counsel competent and experienced in class-action litigation. Plaintiff's interests are coincident with, and not antagonistic to, absent Class members' interests because by proving her individual claims she will necessarily prove Defendant's liability as to the Class' claims. Plaintiff also is cognizant of, and determined to, faithfully discharge her fiduciary duties to the absent class members as the Class Representative.

## SUPERORITY

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation effectively makes it impossible for individual Class members to seek redress for the wrongs complained of herein.

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL 33442
Phone: (954) 570-8989; Fax: (954) 428-3929

## MANAGEABILITY

24. There are no unusual difficulties likely to be encountered in the management of this action as a class suit that could not be managed by this Court. The advantages of maintaining the action as a class suit far outweigh the expense and waste of judicial effort that would result in hundreds of separate adjudications of these issues for each class member because the basic class wide liability issues will be determined at the first stage of a bifurcated proceeding. A simple notice and second stage claims process will follow. The second stage will provide Defendant an opportunity to challenge such documentation and/or assert any affirmative defense.

25. Class treatment further insures uniformity and consistency in results and will provide optimum compensation of Class members for their injuries and deterrence of Defendant and other similar businesses from engaging in such wrongful acts in the future.

## PREDOMINANCE AND COMMONALITY

26. The questions of law and fact common to the claims of each Class member overwhelmingly predominate over any questions of law or fact affecting only individual members of the Class. Questions of law and fact common to the Class include, but are not necessarily limited to, the following:[1]

    A. Whether Defendant charged Messenger fees to Plaintiff and the Class;

    B. Whether Defendant paid the entire Messenger fee charged to Plaintiff and Class Member to a third-party that provided Messenger services;

---

[1] The list of common questions of law and fact is not intended to be exhaustive; by setting forth this argument, Plaintiff does not waive her right to assert additional claims against Defendant or raise additional common questions of fact.

- 6 -

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL 33442
Phone: (954) 570-8989; Fax: (954) 428-3929

    C. Whether Defendant retained a portion of the Messenger fee charged to and collected from Plaintiff and Class Members;

    D. Whether Defendant's practice of charging to and collecting from Plaintiff and Class Members an amount for Messenger fees in excess of the amount paid by Defendant to third-parties for Messenger services violates Section 8(b) of RESPA;

    E. Whether Defendant was unjustly enriched by its practice of charging to and collecting from Plaintiff and Class Members an amount for Messenger fees in excess of the amount paid by Defendant to third-parties;

    F. Whether Plaintiffs and Class Members suffered damages; and

    G. The extent of injuries suffered by Plaintiffs and Class Members.

27. Plaintiff and the Class' claims also arise from a common factual background, including, but not necessarily limited to, the following:

    A. Plaintiff and the Class are all parties to real estate transactions in which Defendant served as the lender;

    B. Defendant charged Plaintiff and the Class a fee for messenger services;

    C. Plaintiff and the Class all paid a fee to Defendant for messenger services; and

    D. Defendant did not disclose on the HUD-1 or in any other document to Plaintiff or the Class that it would pay only a portion of the fee charged for messenger services to a third party and would keep the remainder of the fee as a unearned or secret profit.

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL 33442
Phone: (954) 570-8989; Fax: (954) 428-3929

## COUNT I -
## VIOLATION OF SECTION 8(B) OF THE REAL ESTATE
## SETTLEMENT PROCEDURES ACT, 12 USC 2607(b)

28. Plaintiff realleges the allegations set forth above in paragraphs 1 through 27 as if set forth herein in full.

29. "The purpose of [the Real Estate Settlement Procedure Act ("RESPA") is [*inter alia*] to effect changes in the settlement process for residential real estate that will result – (1) in more effective advance disclosure to home buyers and sellers of settlement costs; [and] (2) in the elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services."

30. Section 8(b) of RESPA prohibits a settlement service provider from marking up the charges for services provided by third parties, including, but not limited to, charges for messenger and courier services.

31. On November 7, 2001, Plaintiff purchased real property located at 15430 Southwest 77th Avenue, Miami, Florida 33157 (the "Transaction").

32. Defendant charged, and Plaintiff paid, a fifty-dollar ($50.00) fee for messenger services. *See* Settlement Statement attached hereto as Exhibit A at Line 818.

33. Defendant paid only a portion of the "Messenger Fee" charged to Plaintiff to a third-party for Messenger services.

34. Defendant retained a portion of the "Messenger Fee" charged to Plaintiff.

35. Defendant's conduct violates Section 8(b) of RESPA.

- 8 -

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL 33442
Phone: (954) 570-8989; Fax: (954) 428-3929

36.     Plaintiff and the Class have suffered damages as result of Defendant's violation of Section 8(b) of RESPA.

## COUNT II -
## UNJUST ENRICHMENT

37.     Plaintiff realleges the allegations set forth above in paragraphs 1 through 27 as if set forth herein in full.

38.     Plaintiff and Class Members conferred a benefit upon Defendant by paying messenger and courier fees charged by Defendant.

39.     Defendant voluntarily accepted the benefits conferred by Plaintiff and Class Members.

40.     Defendant's retention of the benefits conferred by Plaintiff and Class Members is unjust because such benefit was procured through unlawful and deceptive means. Specifically, Defendant deceived and tricked Plaintiff and Class Members by retaining as a secret profit a portion of the money charged to and collected from Plaintiff and Class Members for messenger and courier fees rather than paying such amount in full to third-parties.

41.     Defendant should return to Plaintiff and Class Members the benefits they conferred on Defendant.

**WHEREFORE,** Plaintiff demands, individually and on behalf of the Class, damages against Defendant for unjust enrichment and such other relief this Court deems just and proper.

- 9 -

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL  33442
Phone: (954) 570-8989; Fax: (954) 428-3929

## CLASSWIDE PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on her own behalf and on behalf of the Class, prays for the following relief:

(a) an order certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative of the Class described above;

(b) an order directing Defendant to cease its pattern and practice of charging parties to real estate transactions amounts for messenger fees in excess of that Defendant pays to third-parties;

(c) an order awarding Plaintiff and the Class damages;

(d) an order awarding Plaintiff and the Class attorneys' fees, costs and expenses incurred in this action, including reasonable costs of experts retained by counsel;

(e) a preliminary and permanent order providing for injunctive relief to enjoin Defendant from future violations of RESPA; and

(f) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

DATED this 23rd day of January, 2002.

- 10 -

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL 33442
Phone: (954) 570-8989; Fax: (954) 428-3929

Respectfully submitted by:

WITES & KAPETAN, P.A.
Attorneys for Plaintiffs and the Class
1761 West Hillsboro Blvd.
Suite 403
Deerfield Beach, FL 33442
mwites@wklawyers.com
(954) 570-8989
(954) 428-3929 (fax)

By: _____
       MARC A. WITES
       Fla. Bar No.: 24783

- 11 -

Wites & Kapetan, P.A.
1761 W. Hillsboro Blvd., Suite 403, Deerfield Beach, FL  33442
Phone: (954) 570-8989; Fax: (954) 428-3929

FROM : OF                    FAX NO. :3055678                    12031

## A. SETTLEMENT STATEMENT     U.S. Department of Housing and Urban Development

OMB No. 2502-0265

**B. Type of Loan**

| 1. ☐ FHA  2. ☐ FmHA  3. ☒ Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|
| 4. ☐ VA  5. ☐ Conv. Ins. | 01TW1309 | 1589703975 | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked (P.O.C.) were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| ALBERTO DURRUTHY<br>JACQUELINE DURRUTHY<br><br>15430 SOUTHWEST 77 AVENUE<br>MIAMI, FLORIDA 33157 | GUILLERMO DAMIAN<br>EVELYN A. DAMIAN<br><br>1300 Brickell Avenue, # 200<br>Miami, Florida 33131 | CHASE MANHATTAN MORTGAGE<br>CORPORATION<br><br>4919 MEMORIAL HIGHWAY, #308<br>TAMPA, FLORIDA 33634 |

| G. Property Location | H. Settlement Agent |  |
|---|---|---|
| 15430 SOUTHWEST 77 AVENUE<br>MIAMI, FLORIDA 33157 | THE TITLE WAVE, INC. | |
| | Place of Settlement<br>11420 NORTH KENDALL DR., #204<br>MIAMI, FLORIDA 33176 | I. Settlement Date<br>11/07/01<br>DD: 11/07/01 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 427,000.00 | 401. Contract sales price | 427,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 9,776.26 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes     to | | 406. City/town taxes     to | |
| 107. County taxes  11/07 to 12/31 | 809.31 | 407. County taxes  11/07 to 12/31 | 809.31 |
| 108. Assessments     to | | 408. Assessments     to | |
| 109. | | 409. | |
| 110. WASTE FEE 11-7 TO 9-30-02 | 301.77 | 410. WASTE FEE 11-7 TO 9-30-02 | 301.77 |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 437,887.34 | **420. GROSS AMOUNT DUE TO SELLER** | 428,111.08 |
| **200. Amounts Paid By or In Behalf of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 20,000.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 327,000.00 | 502. Settlement charges to seller (line 1400) | 29,950.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan<br>GMAC MORTGAGE CORPORATION | 139,211.66 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. ESCROW FOR 2001 COUNTY TAXES | 5,765.35 |
| 207. | | 507. | |
| 208. | | 508. WATER SERVICE | 59.71 |
| 209. | | 509. ESCROW FOR FINAL WATER BILL | 150.00 |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes     to | | 510. City/town taxes     to | |
| 211. County taxes     to | | 511. County taxes     to | |
| 212. Assessments     to | | 512. Assessments     to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 347,000.00 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 175,136.72 |
| **300. Cash At Settlement From or To Borrower** | | **600. Cash At Settlement To or From Seller** | |
| 301. Gross amount due from borrower (line 120) | 437,887.34 | 601. Gross amount due to seller (line 420) | 428,111.08 |
| 302. Less amounts paid by/for borrower (line 220) | 347,000.00 | 602. Less reduction amount due seller (line 520) | 175,136.72 |
| **303. CASH  FROM  BORROWER** | 90,887.34 | **603. CASH  TO  SELLER** | 252,974.36 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

ALBERTO DURRUTHY       Buyer/Borrower            GUILLERMO DAMIAN              Seller

JACQUELINE DURRUTHY    Buyer/Borrower            EVELYN A. DAMIAN              Seller

RESPA, HB 4305.2 – REV. HUD-1 (3/86)

"A"

| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | SETTLEMENT STATEMENT | | PAGE 2 | |
|---|---|---|---|---|
| **L. SETTLEMENT CHARGES:** | FILE #: 01TW1309 | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ 427,000.00 @ 6.00 = 25,620.00 | | | | |
| Division of commission (line 700) as follows: | | | | |
| 701. $ 12,810.00 to ESSLINGER WOOTEN MAXWELL | | | | |
| 702. $ 12,810.00 to THE KEYES COMPANY | | | | |
| 703. Commission paid at Settlement | | | | 25,620.00 |
| 704. PROCESSING FEE   THE KEYES COMPANY | | | | 199.00 |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | P.O.C. Items | | |
| 801. Loan Origination Fee    % | | | | |
| 802. Loan Discount    % | | | | |
| 803. Appraisal Fee    to | | | | |
| 804. Credit Report    to | | | | |
| 805. Lender's Inspection Fee    to | | | | |
| 806. Mtg. Ins. Application Fee    to | | | | |
| 807. Assumption Fee    to | | | | |
| 808. PROCESSING FEE   VANGUARD MORTGAGE CORPORATION | | | 275.00 | |
| 809. COURIER FEE   VANGUARD MORTGAGE CORPORATION | | | 50.00 | |
| 810. FIRST LOOK BONUS   VANGUARD MORTGAGE CORPORATION | | 150LNR | | |
| 811. YIELD SPREAD PREMIUM   VANGUARD MORTGAGE CORPORATION | | 4087.50LNR | | |
| 812. FLOOD CERTIFICATION   FDSI | | | 7.00 | |
| 813. UNDERWRITING FEE   CHASE MANHATTAN MORTGAGE CORP. | | | 275.00 | |
| 814. DOCUMENT PREPARATION   CHASE MANHATTAN MORTGAGE CORP. | | | 195.00 | |
| 815. Additional Charges   *** See Attached Addendum *** | | | 133.00 | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | |
| 901. Interest from 11/07/01 to 12/01/01 @ $ 55.99 /day   24 Days | | | 1,343.76 | |
| 902. Mortgage Insurance Premium for    to | | | | |
| 903. Hazard Insurance Premium for 1 yrs to NATIONWIDE INSURANCE | | 1270B | | |
| 904. WINDSTORM FOR 1 YR   FWUA | | 3159B | | |
| 905. FLOOD INS FOR 1 YR   NATIONWIDE | | 1157B | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | |
| 1001. Hazard Insurance   3 mo.@$ 105.84 /mo. | | | 317.52 | |
| 1002. Mortgage Insurance    mo.@$   /mo. | | | | |
| 1003. City property taxes    mo.@$   /mo. | | | | |
| 1004. County property taxes   3 mo.@$ 466.23 /mo. | | | 1,398.69 | |
| 1005. Annual Assessments    mo.@$   /mo. | | | | |
| 1006. FLOOD INSURANCE   3 mo.@$ 96.42 /mo. | | | 289.26 | |
| 1007. WINDSTORM INS   3 mo.@$ 263.25 /mo. | | | 789.75 | |
| 1008. Aggregate Credit for Hazard/Flood Ins, City/County Prop Taxes, Mortgage Ins & Annual Assessments | | | -0.22 | |
| **1100. TITLE CHARGES** | | | | |
| 1101. Settlement or closing fee   to   THE TITLE WAVE, INC. | | | 300.00 | |
| 1102. Abstract or title search   to   ATIF-35.00/TW-115.00 | | | 150.00 | 295.00 |
| 1103. Title examination   to   THE TITLE WAVE, INC. | | | 150.00 | |
| 1104. Title Insurance binder   to | | | | |
| 1105. Document preparation   to   ROBERT I. FEIN, ESQUIRE | | | 250.00 | |
| 1106. Notary fees   to | | | | |
| 1107. Attorney's fees   to   ALVARO CASTILLO, ESQ. | | | | 1,200.00 |
| (includes above items No: ) | | | | |
| 1108. Title insurance   to   ATTORNEYS TITLE INSURANCE FUND | | | 2,235.00 | |
| (includes above items No: ) | | | | |
| 1109. Lender's coverage $ 327,000.00 ---- 25.00 | | | | |
| 1110. Owner's coverage $ 427,000.00 ---- 2210.00 | | | | |
| 1111. TITLE INS REBATE TO   BORROWER FROM TITLE WAVE, INC. | | | -884.00 | |
| 1112. FLORIDA FORM 9   THE TITLE WAVE, INC. | | | 223.50 | |
| 1113. 8.1 & 6. ENDORSEMENT   THE TITLE WAVE, INC. | | | 50.00 | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording fees   Deed $ 6.00 ; Mortgage $ 96.00 ; Releases $ | | | 102.00 | |
| 1202. City/county/stamps   Deed $ ; Mortgage $ | | | | |
| 1203. State tax/stamps   Deed $ 2,562.00 ; Mortgage $ 1,144.50 | | | 1,144.50 | 2,562.00 |
| 1204. Intangible Tax - | | | 654.00 | |
| 1205. MARRIAGE AFFIDAVIT | | | | 6.00 |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. Survey   to   NOVA SURVEYORS, INC. | | | 265.00 | |
| 1302. Pest Inspection   to | | | | |
| 1303. LIEN SEARCH   A-1 TITLE SUPPORT SERVICES, INC | | | | 43.00 |
| 1304. COURIER/FED EX FEES   THE TITLE WAVE, INC. | | | 62.50 | 25.00 |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | 9,776.26 | 29,950.00 |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

THE TITLE WAVE, INC.                    Settlement Agent                    11·7·01                    Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

RESPA, HB 4305.2 - REV. HUD-1 (3/86)

# HUD PAGE 2 ADDENDUM

Prepared by:
**THE TITLE WAVE, INC.**

11420 NORTH KENDALL DRIVE
SUITE 204
MIAMI, FLORIDA 33176
PH: (305) 279-2100

SELLER(S): GUILLERMO DAMIAN and EVELYN A. DAMIAN

PURCHASER(S): ALBERTO DURRUTHY and JACQUELINE DURRUTHY

LENDER: CHASE MANHATTAN MORTGAGE CORPORATION

PROPERTY: 15430 SOUTHWEST 77 AVENUE, MIAMI, FLORIDA 33157

FILE #: 01TW1309

SETTLEMENT DATE: 11/07/01

| | | Borrower | Seller |
|---|---|---|---|
| **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 816. | | | |
| 817. TAX SERVICE FEE | TRANSAMERICA TAX SERVICE | 70.00 | |
| 818. MESSENGER FEE | CHASE MANHATTAN MORTGAGE CORP. | 50.00 | |
| 819. FLOOD DETERMINATION | FDSI | 13.00 | |
| | TOTALS | 133.00 | |
| **TITLE CHARGES** | | | |
| 1114. | | | |
| 1115. | | | |
| 1116. | | | |
| 1117. | | | |
| 1118. | | | |
| 1119. | | | |
| 1120. | | | |
| 1121. | | | |
| | TOTALS | | |
| **ADDITIONAL SETTLEMENT CHARGES** | | | |
| 1309. | | | |
| 1310. | | | |
| 1311. | | | |
| 1312. | | | |
| 1313. | | | |
| | TOTALS | | |

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 02-20285

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-SEITZ**

### I. (a) PLAINTIFFS
Jacqueline Sosa

### DEFENDANTS
Chase Manhattan Mortgage Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

DADE 02CV 20285/PAS/BLC

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**MAGISTRATE JUDGE BARBER**

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Wites & Kapetan, P.A., 1761 W Hillsboro Blvd, #403, Deerfield Beach, FL 33442   954-570-8989

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury – Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | PERSONAL PROPERTY | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

### VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Violation of Section 8(b) of RESPA, 12 USC 2607(b)

LENGTH OF TRIAL
via 2 days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Injunctive + Monetary

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See Instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/23/02

SIGNATURE OF ATTORNEY OF RECORD
Alan A. Wites

FOR OFFICE USE ONLY

RECEIPT 856323   AMOUNT 150.00   APPLYING IFP 1/29/02   JUDGE ____ MAG. JUDGE ____